**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALEXIS TERRELL;** | § | |
| **Plaintiffs** | § | **C.A. NO. ______________** |
| | § | |
| **V.** | § | |
| | § | |
| **FIVE STARR HEALTHCARE STAFFING,** | § | |
| **LLC** | § | **JURY TRIAL DEMANDED** |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Alexis Terrell ("Plaintiff" or "Terrell") and files this Plaintiff's Original Complaint and Jury Demand against Five Starr Healthcare Staffing, LLC ("Five Starr" or "Defendant"), and for cause of action would show as follows:

## I. INTRODUCTION

1. This is a class action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## II. PARTIES

2. Plaintiff Terrell is a citizen of the United States of America.

3. Terrell is a former employee of Defendant.

4. Five Starr is a Texas Corporation duly authorized to do business in the State of Texas. Service of the Summons and this Complaint may be made by serving this

Defendant's registered agent, Anthony Hudgins at 7121 North Loop East, Houston, Texas 77028.

5. Whenever in this petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 (federal question) since Plaintiffs are bringing this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

8. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of action occurred in Houston, Texas.

9. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division since Plaintiff was employed at Defendant's facilities located in Houston, Texas.

10. The amount in controversy is within the jurisdictional limits of this Court.

11. This Court has jurisdiction over all claims in this action.

12. All conditions precedent to filing this cause of action have been met.

## IV.
## FACTUAL BACKGROUND

13. Terrell was employed by Defendant from August 1, 2023 until May 12, 2025.

14. Terrell was employed as the Director of Business Development by Defendant.

15. Plaintiff was an "employee" as that term is defined under 29 U.S.C 203(e)(1).

16. Upon information and belief, Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in interstate commerce throughout the United States.

17. Upon information and belief, Defendant is an "employer" as that term is defined under 29 U.S.C. § 203(d), (r) and (s).

18. Upon information and belief, Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

19. During Plaintiff's employment with Defendant, she worked approximately 44 hours per single work week. In a blatant violation of the FLSA, Defendant required Plaintiff to work these hours without paying them overtime pay. Upon information and belief, Defendant required other similarly-situated employees to work overtime hours without paying them overtime pay.

20. Plaintiff's primary job duty was to drive growth by securing new business contracts and maintaining strong relationships with Defendant's existing clients. Moreover, Plaintiff was responsible for the entire hiring process, including onboarding new employees and creating company materials.

21. Upon information and belief, Defendant uniformly classified all of its employees, including Plaintiff, as exempt from the FLSA.

22. Upon information and belief, Defendant did not keep accurate records of the hours worked by Plaintiff.

23. Upon information and belief, Defendant did not keep accurate records of the hours worked by any of its employees.

24. In addition to refusing to pay Plaintiff for the overtime hours she worked, Defendant has also refused to pay Plaintiff for approximately 1443 hours of "straight time" that she worked between on or about August 2023 through May 12, 2025. Consequently, Plaintiff did not receive pay for: a) the approximately 1443 hours of straight time that she worked OR b) the

25. Upon information and belief, Defendant did not pay any of its employees for the overtime hours they worked in an average week. Consequently, Defendant's non-exempt employees did not receive overtime pay for hours they worked in excess of forty (40) hours a week.

26. Plaintiff Terrell was a full-time, non-exempt employee of Defendant.

27. As a non-exempt hourly employee, Terrell was entitled to overtime pay.

28. Terrell should have received time and one-half pay for any overtime hours she worked in order for Defendant to comply with requirements under the FLSA.

29. Defendant did not pay Terrell time and a half for all hours worked in excess of forty hours per single work week, in violation of 29 U.S.C. § 207(a).

30. No exemption excused Defendant from paying Terrell overtime for hours worked in excess of 40 hours per week.

31. Defendant did not make a good faith effort to comply with the FLSA.

32. Defendant's failure to pay overtime under the FLSA was willful as that term is defined under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

## V.
## CAUSES OF ACTION

*Cause of Action #1: FLSA Violations/Collective Actions*

33. Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

34. Other similarly situated employees of Defendant were regularly required to work in excess of 40 (forty) hours per week.

35. The foregoing facts demonstrate that Defendant willfully violated the Fair Labor Standards Act with regard to Plaintiff and all other similarly situated employees.

36. Plaintiff brings his FLSA claim as a collective action.

37. Plaintiffs request all damages allowed to them under the FLSA for Defendant's willful violation of the FSLA.

Damages Under the FLSA

38. Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

39. Plaintiffs have lost compensation for the period of time allowed by law that Defendant failed to pay Plaintiffs for the overtime hours they worked.

40. The FLSA violations of the Defendant give rise to the following damages: back wages, liquidated damages, pre-judgment interest, and attorneys' fees.

41. In addition, Plaintiffs seek attorneys' fees, expert witness fees, pre-judgment and post-judgment interest, and costs of court as allowed under the relevant statute.

<u>Attorney's Fees Under the FLSA</u>

42. Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

43. As a result of the acts and omissions of Defendants, as specifically set forth herein, it was necessary for Plaintiffs to secure counsel to present and prosecute this matter on their behalf.

44. Plaintiffs are entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 201, *et seq.*, and other relevant statutes.

*Cause of Action #2: Breach of Contract (Plaintiff Alexis Terrell)*

45. Plaintiff Alexis Terrell ("Plaintiff" or "Terrell") incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

46. Terrell entered an employment contract with Defendant. Under the terms of this contract, Defendant was obligated to pay Terrell $30 an hour for all (non-overtime) hours she worked.

47. Terrell worked approximately 1443 "straight time" (i.e. not overtime hours) that she has not been paid for. Thus, Plaintiff is owed $43,290 for the "straight time" hours that she worked (but was not paid for) from August 2023 through May 2, 2025 ($30 X 1443=$43,290).

48. Terrell has been injured as a direct and proximate result of Defendant's breach of contact.

49. Defendant has refused to pay Terrell the money she is owed under the employment contract. Terrell seeks to recover monetary damages as well as the costs and attorney's fees incurred in filing this lawsuit. Defendant received a letter demanding that payment be made to Terrell. *See Exhibit A* Defendant has refused to make payment.

*Cause of Action #3: Promissory Estoppel*

50. Plaintiff Alexis Terrell ("Plaintiff" or "Terrell") incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

51. In the alternative to the breach of contract claim, Terrell pleads for recovery against Defendant under the doctrine of promissory estoppel. Terrell rendered services to Defendant in exchange for a promise made by Defendant to Terrell. It was foreseeable to Defendant that Terrell would rely on these promises, and Terrell did rely on these promises to her financial detriment. Terrell has demanded that Defendant pay her for services rendered in return for the promise of payment that Defendant made to Terrell, but Defendant has refused to make payment.

*Cause of Action #4: Quantum Meruit*

52. Plaintiff Alexis Terrell ("Plaintiff" or "Terrell") incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

53. In the alternative to the breach of contract cause of action, Plaintiff pleads for recovery against Defendant under the doctrine of quantum meruit because: 1) Terrell provided valuable services to Defendant, 2) Defendant was aware of the valuable services that it was receiving from Terrell, and 3) Defendant failed to pay Terrell all of the compensation she was entitled to for the services she rendered to Defendant.

## VI.
## JURY DEMAND

54. Plaintiffs hereby request a trial by jury on all issues triable by a jury in this case.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

A. Issue notice to all similarly-situated employees of their right to file consents to join this FLSA action;

B. Award plaintiff and all class members their unpaid overtime rate of pay for all hours worked in excess of forty per single work week during the relevant period;

C. Award plaintiff and all class members liquidated damages in the amount equal to the amount of their unpaid overtime rate of pay for all hours worked in excess of forty per single work week as provided under 20 U.S.C. § 216(b);

D. Award plaintiff and all class members their reasonable and necessary attorneys' fees;

E. Award pre-judgment and post-judgment interest as allowed by law;

F. Award costs of court, costs of prosecuting Plaintiffs' claim;

G. Award such other and further relief to which Plaintiffs may be justly entitled: and

H. Award Plaintiff Alexis Terrell all damages she is legally entitled to as a result of Defendant breaching its employment contract with Terrell.

Respectfully submitted,

*/s/ Andrew L Mintz*
Andrew L. Mintz
Texas Bar No. 24037120
SD TX I.D. No. 35220
andrew@almintzlawfirm.com
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125
Houston, Texas 77027
Ph: (713) 859-3828
Fax: (832) 626-0389

**ATTORNEY FOR PLAINTIFF ALEXIS TERRELL**